NATIONAL PACKING COMPANY, PLAINTIFF IN ERROR, v.
PIERRE P. GARVEN, DEFENDANT IN ERROR.

Argued July 5, 1910—Decided November 14, 1910.

The expression "upon proper cause shown" in the forty-fourth section of the Corporation act (*Pamph. L.* 1896, *p.* 292) means a cause the propriety of which is made to appear to the judicial officer nominated in that section. It is of the essence of this statute that the propriety of the "cause shown" be committed to the determination of such judicial officer and for such determination the conclusion reached by the applicant for the order from undisclosed facts is not a valid substitute.

---

On error to the Supreme Court.

This proceeding was instituted by the presentation of the following petition:

"To the Honorable Francis J. Swayze, a justice of the Supreme Court of Judicature of the State of New Jersey, and presiding judge of the Court of Oyer and Terminer of the county of Hudson, in this state.

"The petition of Pierre P. Garven respectfully shows unto your honor that he is the prosecutor of the pleas of the county of Hudson; that there is now pending in said Court of Oyer and Terminer of the county of Hudson, and now being inquired into and investigated by and before the grand inquest of said county certain charges *against divers individuals* who are charged with the crime of conspiracy, and divers other criminal offences against the laws of the State of New Jersey; that for the proper inquiry into and investigation of said charge and charges by the grand inquest of the county of Hudson aforesaid, it became and was, and still is, necessary for the said grand inquest to inspect and examine all books of National Packing Company containing the minutes of all of the meetings of said stockholders of said company; and all books, papers and other writings of said company containing the minutes of all of the meetings of the directors of said company, from the date of the incorporation of said company to the present time; that therefore, a *subpœna duces tecum* was duly issued out of the Court of Oyer and Terminer of said county and served upon Kenneth K. McLaren, the resident director in this state of the said National Packing Company, and the treasurer of Corporation Trust Company of New Jersey (said last-named company having an office in the city of Jersey City, in said county, and being the registered agent of said National Packing Company, upon which said agent process against the said National Packing Company may be served), by which said *subpœna duces tecum,* duly issued and served as aforesaid, said McLaren was directed and commanded to appear before the grand inquest of the county of Hudson aforesaid, at the county court house, at Jersey City aforesaid, on Friday, the twenty-fifth day of February, nineteen hundred and ten, at two o'clock in the afternoon of said

day, and bring with him for inspection by said grand inquest all books, papers, minutes and documents aforesaid, of the said National Packing Company; that the said McLaren did appear before the grand inquest at the time and place aforesaid, but failed to produce the said books, minutes, papers and documents of said National Packing Company, or any of them, and under oath testified before the said grand inquest as his reason and excuse for not producing the books, minutes, papers and documents aforesaid, that they were not in his custody, possession or control, or in the custody, possession and control of the Corporation Trust Company; and that they were without the State of New Jersey, so far as he knew; that your petitioner verily believes, as the result of the diligent inquiries which he has made, and the information which he has received, that said books, minutes, papers and documents of National Packing Company, which were not produced by him as aforesaid, now are, and for a long time past have been kept in the custody, possession and control of the said National Packing Company, either in the city of New York, in the State of New York, or in the city of Chicago, in the State of Illinois.

"Your petitioner further informs and certifies your honor, that unless the said National Packing Company be summarily commanded and compelled by your honor to forthwith bring said books, minutes, papers and documents within this state and into the county of Hudson, there to be kept, at such place, by such person, and for such time as may by your honor be fixed and designated, so that the said grand inquest may have access thereto for the purpose of the orderly and lawful conduct of the said investigation in which they are now engaged as aforesaid, the administration of public justice will be perverted, obstructed and prevented, and the dutiful and lawful proceedings of the said grand inquest in said investigation will be frustrated.

"Your petitioner, therefore, prays that it may be summarily ordered, by your honor, that National Packing Company, forthwith bring within this state, and into the county of Hudson, there to be kept at such place, by such person and for such time as may, by your honor, be fixed and designated, all

books, minutes, papers and documents hereinbefore mentioned of National Packing Company.

"Dated March third, A. D. 1910.

"PIERRE P. GARVEN,

*"Prosecutor of the Pleas of the County of Hudson."*

Upon the return of a rule to show cause the opinion and order recited in the opinion of the Supreme Court in the case of National Packing Company *v.* Garven were filed.

This writ of error is brought to review the judgment of the Supreme Court which, on *certiorari,* affirmed the order made by the justice thereof.

The language of the forty-fourth section of the Corporation act, immediately pertinent to the present proceeding, is: "The directors may hold their meetings and have an office and keep the books of the corporation (except the stock and transfer books) outside of this state, if the by-laws or certificate of incorporation so provide; * * * the Court of Chancery or the Supreme Court, or any justice thereof, may, upon proper cause shown, summarily order any or all of the books of said corporation to be forthwith brought within this state and kept therein at such place and for such time as may be designated in such order." *Pamph. L.* 1896, *p.* 292.

Among the reasons filed by the prosecutor in *certiorari,* the seventh reason was, "Because said petition shows no cause whatever and states no fact on which the court below was justified in making said order."

For the plaintiff in error, *Edwards & Smith, Richard V. Lindabury, Samuel Untermyer* (of the New York bar).

For the defendant in error, *Pierre P. Garven.*

The opinion of the court was delivered by

GARRISON, J. The argument of counsel for plaintiff in error, under the reason quoted, proceeds upon the ground that the order made in a summary proceeding by the justice of

the Supreme Court, in the exercise of his discretion as a special tribunal, while not reviewable because such discretion had not been exercised in one way rather than in another, or because such justice had taken one view, rather than another, of the facts laid before him, would be reviewed and be vacated if there was before such justice no fact that invoked the discretion reposed in him by the statute or that justified its exercise or upon which the order made by him could rest. This, in our judgment, places the reviewability of the order of the justice upon its correct legal footing.

By the legislative scheme in question, such justice is constituted a legislative agent, whose function, under the statute, is to give or to withhold his assent to a specific application according as the "cause," *i. e.,* the reason or ground assigned for such application, shall appear to him to be a proper one. That "upon proper cause shown" means shown to the judicial authority nominated in the statute is clear and has been expressly so held by this court. *Fuller* v. *Hollander & Co.,* 16 *Dick. Ch. Rep.* 648.

The familiar rule that this constitutes an appeal to the sound discretion of the judicial officer to whom the application is addressed is emphasized by the circumstance that the legislature has, in the present instance, pressed into its service the highest judicial officers in the state. Clearly it is their discretion that is invoked in the determination whether a cause claimed by a petitioner to be a proper one for the issuance of a particular order is, in fact, a proper one. But no matter how exalted may be the office held by him whose discretion is thus invoked, his discretion, in order to be discretion, must consist in the process of applying his reason and sound judgment to the facts before him. Hence, "upon proper cause shown," imperatively implies that the propriety of the cause, for a given order, shall be determined by the justice in the exercise of his discretion upon the facts that constitute the basis of the appeal that is made to such discretion. Such legislative agent is therefore acting within the jurisdiction conferred upon him so long only as he bases his discretion upon facts

laid before him for his consideration. Assuming, therefore, that the review of such statutory order upon *certiorari* raises the question whether such order is supported by any fact that was brought before the justice for his consideration, it becomes necessary in the examination of such question to inquire what were the allegations upon which, in the present case, the discretionary action of the justice was invoked. They are contained in a petition made by the prosecutor of the pleas for the county of Hudson, and are of two sorts—*first,* statements of facts, and *secondly,* declarations of certain opinions entertained by the petitioner and certain conclusions that have been reached by him from undisclosed facts. The statements of fact are: That the grand jury was investigating certain charges (not specified) against divers individuals (not named) charged with divers (but unenumerated) crimes, including conspiracy; and further, that a *subpœna duces tecum* was duly issued and served upon a director who was the registered agent of plaintiff in error, directing him to produce before the grand jury all the books of that company; that he failed to do so, but appeared and testified that the books were not in the State of New Jersey, whereupon it is alleged, upon information and belief, that such books are not in this state, but are in the possession of said company either in New York or Chicago. These are the only facts stated in the petition. As matters of opinion, or as conclusions from facts not stated in the petition, the petitioner states that for the proper investigation of charges that the grand jury is considering, it is necessary for the grand jury to examine certain books of a certain corporation (the plaintiff in error), and that unless said corporation be compelled to bring such books within this state so that the grand jury may have access to them, the administration of justice will be perverted and prevented.

From this brief, but I believe accurate *résumé* of the petition which is not supplemented by the proofs, it must be evident that the facts laid by it before the justice of the Supreme Court were entirely inadequate to justify the order that was asked for, and also that the opinions and conclusions of the

petitioner covered the very point that by the statute the justice was called upon to determine from facts submitted for his consideration. An order made upon this petition rests therefore not upon a determination reached in the exercise of his discretion by the legislative agent upon facts before him, but upon conclusions that have been reached by another person from facts presumably believed by such person but not disclosed in this proceeding. This is not the exercise of the discretion required by the statute which, to say the least, was to be that of an impartial person, and not of a party to the litigation. The full extent of what I am saying will perhaps be better understood when it is realized that after eliminating from the petition the opinions and conclusions of its draftsman, and also the narrative as to the *subpœna duces tecum,* which was mere matter of inducement to the allegation that the books were without this state, there remains but a single fact, viz., that the grand jury was investigating charges against individuals charged with crime, which is merely another way of saying that it was engaged about its official duty. That the fact thus stated did not justify the order in question directed to a particular corporation is conclusively shown by the consideration that there was nothing to point out to the justice of the Supreme Court what corporation, if any, should be proceeded against by his order, *i. e.,* as against what corporation a proper cause for such order had been shown, for he was informed by the petition that the grand jury was investigating criminal charges against individuals, and the relation, if any, between such individuals and any particular corporation was not even suggested by any fact brought to his official notice. The error into which the learned justice fell was due, we think, to his failure to give effect to the distinction we have endeavored to point out. For his opinion, which was adopted by the Supreme Court, opens with the statement that "the petition shows only that the grand jury is investigating charges of conspiracy and other criminal offences against divers individuals, for the proper investigation of which it is necessary to examine the books in question." This concluding clause

states the essential matter submitted by the legislature to the determination of the judicial officer before whom the petition was preferred, but an examination of the petition, as we have shown, discloses that this essential determination rests wholly upon a conclusion drawn by the draftsman of the petition from facts not disclosed and not laid before the justice of the Supreme Court for his determination upon the questions of necessity and propriety involved in such conclusion.

We are not questioning the sincerity of the opinions expressed in the petition, and are not called upon to question that with the same facts before him the justice of the Supreme Court might have come to the same conclusion, or even that in the absence of such facts he might securely rely upon the soundness of the petitioner's conclusions if the statute and the rights of others permitted him so to do; what we are called upon to declare is, that the statute does not permit of such a course, and that an order made in pursuance of it is without the statute and did not give to the parties the protection afforded by the statute in the one essential feature of the whole proceeding. For it is of the essence of this statutory order that the facts upon which the propriety of the cause for such order rests be laid before the judicial officer who, in the exercise of his discretion, is charged with the determination of that precise question.

The omission of such facts from the petition is not denied, but is sought to be justified upon the ground that to lay such facts before the statutory tribunal would be to divulge the secrets of the grand jury, and thus to defeat the ends of criminal justice. This may be a valid argument against the applicability of the proceeding to criminal investigations, but it has no force as a contention that one may have the benefit of a statute with whose terms he finds it either inconvenient or impolitic to comply.

For the reasons stated, we are unanimously of the opinion that without regard to the other questions argued, the order brought to the Supreme Court by *certiorari* should have been set aside by that court.

The judgment of the Supreme Court is reversed, and the order of the single justice vacated and set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 11.